No. 21,026.

R. N. BASKIN, *Appellant,* v. THE STRANG LAND COMPANY, *Appellee.*

SYLLABUS BY THE COURT.

SALE—*Tract of Land—Contract Uncertain and Ambiguous—Interpretation of Contract.* In a suit to compel conveyance of a part of a tract of land purchased by plaintiff from defendant and to recover damages, both parties asked for the interpretation of the specific provision relied upon by the plaintiff, which was uncertain and ambiguous. *Held,* that a judgment sustaining plaintiff's interpretation, ordering defendant to convey, but holding plaintiff liable on the balance of the contract, is, on the facts and circumstances stated in the opinion, not inequitable.

Appeal from Johnson district court; JABEZ O. RANKIN, judge. Opinion filed March 8, 1919. Affirmed.

*Frank M. Sheridan,* and *Bernard L. Sheridan,* both of Paola, for the appellant.

*S. D. Scott,* of Olathe, for the appellee.

The opinion of the court was delivered by

PORTER J.: The plaintiff purchased a lot in Overland Park, a suburban tract owned and platted by defendant, paid part of the purchase price when the contract was executed and gave his promissory notes secured by a mortgage on the property for the balance, which was payable in monthly installments with interest. The contract provided that if there was default in payments for ninety days after they became due, the deferred payments should immediately become due at defendant's option. The plaintiff insisted upon, and defendant agreed to, the following special provision, which was attached to the printed form:

"It is understood that the purchaser shall have the privilege of paying for said lot in full at any time before the maturity of the contract, and shall have the further privilege of platting same into five (5) lots, subject in all respects to the restrictions contained in said contract and may obtain a deed to any or all of said lots upon payment of the proportionate part of lots so released. The contract in other respects to continue in full force and effect."

The purchase price of the lot was $1,250. When the plaintiff had paid $522, together with interest, he demanded a deed to two-fifths of the lot, but was informed by the defendant that there was a first mortgage on the entire tract which could not be released until plaintiff paid the full contract price of his lot. The plaintiff then demanded the return of the money he had paid, and this was refused. Subsequently plaintiff brought this action, alleging that he had caused a plat to be made and filed for record, dividing the lot into five equal parts, and asking that defendant be compelled to convey the two-fifths selected by him. The petition asked for an interpretation of the special provision of the contract, and alleged that the reasonable value of the two-fifths portion of the lot was $1,500, and that because of defendant's failure to comply with the terms of the contract, plaintiff had been damaged in the sum of $804.40.

The answer alleged that under the proper interpretation of

the contract plaintiff was not entitled, upon payment of two-fifths of the total purchase price, to select two-fifths of the lot in area and demand a deed therefor, but was only entitled to demand a deed for two-fifths of the entire lot in value. In a cross petition it was alleged that plaintiff had defaulted in the subsequent payments; that defendant elected to declare all the deferred payments due; and judgment was asked for $728, and interest from June 11, 1910, when the default occurred. The defendant tendered a good and sufficient deed to the lot, together with an abstract of title, and prayed for a foreclosure of the contract as an equitable mortgage.

The district court held that the plaintiff was entitled to a conveyance to that portion of the lot selected by him, but further held that the defendant was entitled to a judgment for the balance of the purchase price of the entire lot, and that the damages plaintiff had sustained should be offset by the interest which had accrued upon the balance of the purchase price. The decree required the defendant to deposit a good conveyance to the portion of the lot selected by the plaintiff, and the contract was foreclosed as an equitable mortgage. From this judgment the plaintiff appeals.

The contention is that the judgment, in effect, renders valueless the special provision of the contract, which was for the benefit of plaintiff. It is urged that the defendant should have been denied the right to judgment for the balance of the consideration, because of its own default in refusing to comply with plaintiff's demand for a deed. The plaintiff relies upon the general rule that where one party is unable or refuses to perform his part of a contract, he is not entitled to insist upon performance by the other. On the trial defendant took the position, and offered testimony to show, that the particular portion of the tract selected by plaintiff, and for which he had demanded a deed, fronted upon a boulevard and was of much greater proportionate value than the remaining portions of the lot, and that to have executed a deed conveying the most valuable part of the tract to him would have been inequitable. Upon the other hand, it is insisted that the court found against defendant on these contentions; that, having held plaintiff entitled to the conveyance at the time it was demanded, it was error to hold plaintiff liable for the payment of

the balance of the purchase price after the defendant's breach of the contract.

Although plaintiff's interpretation of the special provision was found by the trial court to be correct, the language of the provision was open to two constructions. Therefore, it cannot be said there was no basis for defendant's contention that plaintiff was only entitled to a deed for two-fifths of the value, instead of two-fifths of the area of the entire lot, at the time he made his demand. This was a suit in equity, in which both parties asked for the interpretation of a contract to some extent ambiguous and uncertain in its terms, and the trial court, in our opinion, rendered a decree which, in view of all the facts and circumstances, is fair and equitable. There is no explanation of the long delay that occurred between the time the demand for a conveyance was refused, and the commencement of the suit. Plaintiff made the first payment when the contract was executed, on June 11, 1910. His last payment was made April 18, 1911. The action was not commenced until May 15, 1914, three years after the demand for a deed had been refused. The case was not brought to trial until March, 1916. The defendant's refusal to comply with the demand did not of itself satisfy the obligation which the plaintiff had entered into to make the additional payments. He was still indebted to the defendant on his notes. While the court interpreted the contract in conformity with the plaintiff's contentions, and held that he was entitled to a conveyance at the time he demanded it, the court concluded that the damages he had sustained were fully offset by the interest for which he was liable on the balance of his indebtedness. The record does not disclose what damages the plaintiff sustained; and, in the absence of any showing as to what extent, if any, the property depreciated in value between the time the conveyance was refused and the time the cause was tried, we must conclude that the court properly balanced the damages with defendant's loss of interest on the deferred payments.

The judgment is affirmed.